# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>TPC GROUP INC, *et al.,*<br><br>    *Debtors.*[1] | Chapter 11<br><br>Case No. 22-10493 (CTG)<br><br>Jointly Administered |
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P<br><br>    *Plaintiffs-Appellants*,<br><br>v.<br><br>TPC GROUP INC.,<br><br>    *Defendant-Appellee*,<br><br>-and-<br><br>THE AD HOC NOTEHOLDER GROUP,<br><br>    *Intervenor-Defendant-Appellee*. | Civ. Case No. 22-_____<br><br>Adv. Pro. No. 22-50372 (CTG) |

**MOTION TO SEAL APPENDIX TO EMERGENCY MOTION OF APPELLANTS BAYSIDE CAPITAL, INC. AND CERBERUS CAPITAL MANAGEMENT, L.P. FOR STAY OF EFFECTIVENESS AND ENFORCEMENT OF ORDER AND JUDGMENT PENDING APPEAL PURSUANT TO BANKRUPTCY RULE 8007**

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of their federal tax identification numbers, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

1

Appellants Bayside Capital, Inc. and Cerberus Capital Management, L.P. (the "Appellants"), by and through their undersigned counsel, hereby respectfully move this Court (the "Motion"), for entry of an order granting permission to file under seal certain portions of its Appendix filed in support of its *Emergency Motion of Appellants Bayside Capital, Inc. and Cerberus Capital Management, L.P. For Stay of Effectiveness and Enforcement of Order and Judgment Pending Appeal Pursuant To Bankruptcy Rule 8007* (the "Stay Motion").

"Documents containing trade secrets or other confidential business information may be protected from disclosure." *Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993). The presumption of public access is overcome where the material sought to be protected is (1) "the kind of information that courts will protect[,]" and (2) "disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted).

Certain exhibits in the Appendix contain confidential, sensitive business information. The Bankruptcy Court previously granted approval to the Appellants to file various documents under seal in support of their motion for summary judgment and related documents referenced in the Stay Motion. *See* Bankr. Adv. Pro. No. 22-50372, D.I. 67 (Bankruptcy Court's order granting Bayside/Cerberus motion to seal). Appellee TPC also has a pending motion to seal portions of their brief in support of their summary judgment motion. *See* Bankr. Adv. Pro. No. 22-50372, D.I. 53 (Debtors' motion to file brief under seal).

As noted above, "[d]ocuments containing . . . confidential business information"—like the documents and information at issue here—are a type of information that courts may protect from public disclosure. *Leucadia*, 998 F.2d at 166. This Court has granted such motions in the past, further demonstrating that this is the kind of information that courts will protect. *See, e.g.*, *AbbVie Inc. v. Gilead Scis., Inc.*, C.A. No. 14-379-GMS, D.I. 6 (D. Del. Mar. 25, 2014) (granting motion

to seal a complaint that disclosed information subject to a contractual confidentiality obligation); *Nanomotion, Ltd. v. Tamron Co. Ltd.*, C.A. No. 13-498-GMS, D.I. 7 (D. Del. Apr. 1, 2013) (same); *Lithero, LLC v. AstraZeneca Pharms. LP*, No. 19-2320-RGA, D.I. 5 (D. Del. Dec. 20, 2019) (same).  Moreover, publicly filing this information would result in serious harm to Appellants by causing public disclosure of confidential information, which is commercially sensitive and relates to private financial matters.

Given that the Bankruptcy Court has already approved the sealing of various documents that are part of the Appendix to the Stay Motion, the Appellants respectfully request that they be permitted to file the same sealed documents in this Court as part of the Appendix or in any future filings in this Court if such documents were sealed in the Bankruptcy Court proceedings.

Accordingly, Appellants respectfully request leave to file the applicable documents previously sealed by the Bankruptcy Court under seal in this Court, whether part of the Appendix or in any further filings in this Court.  In accordance with D. Del. L.R. 5.1.3, Appellants will prepare a redacted version of the Appendix, with the confidential information removed, and will file the redacted version within seven days.

| | |
|---|---|
| Dated: July 13, 2022 | PACHULSKI STANG ZIEHL & JONES LLP |

By: /s/ *Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel: 302-652-4100
Facsimile: 302-652-4400
ljones@pszjlaw.com
tcairns@pszjlaw.com

- and -

Jennifer Selendy (*pro hac vice* pending)
Andrew R. Dunlap (*pro hac vice* pending)
Oscar Shine (*pro hac vice* pending)
Max H. Siegel (*pro hac vice* pending)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
jselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
msiegel@selendygay.com

*Attorneys for Appellants*

4