# **<u>EXHIBIT A</u>**

# PAUL HASTINGS

1(212) 318-6400
krishansen@paulhastings.com

July 11, 2022

**VIA EMAIL**

| | |
|---|---|
| David M. Hillman, Esq. | Laura Davis Jones, Esq. |
| Proskauer Rose LLP | Pachulski, Stang, Ziehl & Jones LLP |
| Eleven Times Square | 919 North Market Street, 17th Floor |
| New York, New York 10036 | Wilmington, Delaware 19899 |
| DHillman@proskauer.com | ljones@pszjlaw.com |

*Counsel to Cerberus Capital Management, L.P. and Bayside Capital, Inc.*

| | |
|---|---|
| Charles M. Persons, Esq. | Gregory W. Werkheiser, Esq. |
| Sidley Austin LLP | Benesch, Friedlander, Coplan & Aronoff LLP |
| 2021 McKinney Ave., Suite 2100 | 1313 N. Market Street, Suite 1201 |
| Dallas, Texas 75201 | Wilmington, DE 19801 |
| cpersons@sidley.com | gwerkheiser@beneschlaw.com |

*Counsel to Mockingbird Credit Opportunities Company LLC*

Re:  In re TPC Group Inc., *et al*.; No. 22-10493 (CTG)

Counsel:

As you know, we and Young Conaway Stargatt & Taylor, LLP represent an ad hoc group of holders (the "Ad Hoc Noteholder Group") who collectively hold in excess of 91% of the principal amount of 10.875% Senior Secured Notes due 2024 (the "10.875% Notes") issued by TPC Group Inc. (together with certain of its subsidiaries and affiliates, the "Debtors").  Pursuant to that certain Intercreditor Agreement, dated as of February 2, 2021 (the "Intercreditor Agreement"), and as confirmed by the July 6, 2022 memorandum opinion of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), the 10.875% Notes are senior in priority to the 10.50% Secured Notes due 2024 issued by the Debtors (the "10.50% Notes"), which 10.50% Notes are held by your clients.[1] *See* Adv. Pro. No. 22-50372 (CTG), [ECF No. 72].

---

[1]  The fact that Cerberus Capital Management, L.P. and Bayside Capital, Inc. have subsequently appealed the Bankruptcy Court's order is irrelevant as to the enforceability of the Intercreditor Agreement as against holders of the 10.50% Notes because the Bankruptcy Court's Opinion is now law of the case.  *See In re Vaso Active Pharms., Inc.*, 500 B.R. 384, 399 (Bankr. D. Del. 2013) (even while appeal is pending, "the law of the case doctrine also precludes



As you also know, the Ad Hoc Noteholder Group has agreed to provide the Debtors with debtor-in-possession financing (the "DIP Financing"), of which the Debtors have sought and received interim approval, and of which the Debtors are now seeking final approval, pursuant to the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Senior Secured Priming Superpriority Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection to the Prepetition Secured Parties, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* (the "DIP Motion") [ECF No. 36].

Section 6.1 of the Intercreditor Agreement expressly provides, among other things, that holders of the 10.50% Notes, such as your clients, shall not "compete with, will raise no objection to, and will not support any objection to, and will not otherwise challenge or contest (or support, directly or indirectly, any such objection, challenge or contest)" any DIP Financing offered to the Debtors by holders of the 10.875% Notes, such as that proposed in the DIP Motion.  Cerberus Capital Management, L.P. and Bayside Capital, Inc. are clearly aware of this prohibition, as both their memorandum of law and motion for a stay pending appeal filed in the adversary proceeding ([ECF Nos. 54, 79]) specifically acknowledge that the Intercreditor Agreement prohibits the holders of the 10.50% notes from challenging the DIP Financing, even if the financing would "subordinate [the Senior Secured] Liens in the Common Collateral or any other collateral to such DIP Financing."

Notwithstanding this express prohibition in the Intercreditor Agreement, your clients have repeatedly taken actions to object to and thwart the DIP Financing proposed in the DIP Motion, including but not limited to proposing alternative debtor-in-possession financing, filing objections to the interim relief sought in the DIP Motion, and as recently as this past Friday, filing objections to the final relief sought in the DIP Motion.  Despite your clients' knowledge that their actions are in violation of the terms of the agreements to which they are bound, they have affirmatively chosen to disregard their contractual obligations to the detriment of the Ad Hoc Noteholder Group.

To the extent your clients (i) continue to pursue such objections to the DIP Motion, (ii) participate in any depositions designed to support such objections by your clients or by the Official Committee of Unsecured Creditors (the "Committee"), and (iii) participate in the court hearing on the DIP Motion in order to advocate such objections on behalf of your client or by the Committee, such actions will continue to subject your clients to liability related to their willful violations of the Intercreditor Agreement. Accordingly, we demand that your respective clients immediately

---

relitigation of issues in which parties have already had a full and fair opportunity to litigate"); *In re DBSI, Inc.*, No. 08-12687 JW, 2012 WL 2501090, at *11 (Bankr. D. Del. 2012) ("The prevailing party may treat the judgment of the lower court as final notwithstanding that an appeal is pending.") (internal citations omitted).



withdraw their unlawful objections to the DIP Motion and take no further actions with respect to that requested relief.

The Ad Hoc Noteholder Group expressly reserves its rights to seek all legal and equitable relief available to it as a result of your clients' blatant breaches of the Intercreditor Agreement, including pursuing claims for the economic damages that the members of the Ad Hoc Noteholder Group have sustained and may sustain in the future as a result of your clients' unlawful acts.

Sincerely,

Kristopher Hansen

cc: Kenneth Pasquale, Paul Hastings LLP
Jonathan Canfield, Paul Hastings LLP
Mathew Lunn, Young Conaway Stargatt & Taylor, LLP
Kevin Jacobs, Baker Botts L.L.P.
Mark Radtke, Foley & Lardner LLP