**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| TPC GROUP INC, *et al.,* | Bankruptcy Case No. 22-10493 (CTG) |
| *Debtors,*[1] | Jointly Administered |

| | |
|---|---|
| BAYSIDE CAPITAL, INC. and CERBERUS CAPITAL MANAGEMENT, L.P | Bankruptcy Adv. Proc. No. 22-50372 (CTG) |
| *Plaintiffs-Appellants,* | Civ. Action No. _____ |
| v. | |
| TPC GROUP INC., | |
| *Defendant-Appellee,* | |
| -and- | |
| THE AD HOC NOTEHOLDER GROUP, | |
| *Intervenor-Defendant-Appellee.* | |

## EMERGENCY MOTION OF APPELLANTS TO EXPEDITE APPEAL

---

[1] The Debtors in these Chapter 11 cases, and the last four digits of their federal tax identification numbers, are: TPC Group Inc. (3618); TPC Holdings, Inc. (7380); TPC Group LLC (8313); Texas Butylene Chemical Corporation (7440); Texas Olefins Domestic International Sales Corporation (4241); TPC Phoenix Fuels LLC (9133); Port Neches Fuels, LLC (1641); and TP Capital Corp. (6248). Each Debtor's corporate headquarters and mailing address is 500 Dallas St., Suite 2000, Houston, Texas 77042.

Bayside Capital, Inc. and Cerberus Capital Management, L.P. (together, "Appellants") respectfully move this Court on an emergency basis for an order expediting this appeal of the Bankruptcy Court's order dated July 8, 2022, A.D.I. 74 (the "Order"), and Judgment dated July 8, 2022, A.D.I. 75 (the "Judgment"), to the extent they denied Appellants' motion for summary judgment and granted Intervenor's cross-motion for summary judgment. In support of this motion to expedite, Appellants respectfully state as follows:

## **RELEVANT BACKGROUND**

1.      Contemporaneously with this Motion to Expedite, Appellants have filed a motion to this Court to stay the Bankruptcy Court's Order pending appeal (the "Stay Motion").[2] Appellants respectfully refer the Court to the factual background set forth in Appellants' Stay Motion. The following includes only the background necessary to highlight the relief requested in this motion.

2.      This appeal arises from the Bankruptcy Court's disposition of an adversary proceeding related to TPC's Chapter 11 bankruptcy. The adversary proceeding concerns the relative priority of two classes of Notes issued by TPC.

3.      In 2019, TPC issued $930 million of Senior Secured Notes (the "Senior Notes") pursuant to an Indenture (the "Original Indenture"). Section 9.02(d)(10) of the Original Indenture prohibited TPC, "without the consent of each Holder affected thereby," from "mak[ing] any change in the provisions" of the Original Indenture or the related Intercreditor Agreement (the "2019 Intercreditor Agreement") "dealing with the application of proceeds of collateral."

4.      In 2021, TPC issued $153 million of new notes (the "Usurping Notes"), and in anticipation of bankruptcy filing, issued in 2022 approximately $51.5 million in additional Usurp-

---

[2]  Capitalized terms not defined herein shall have the same meaning as defined in the Stay Motion.

ing Notes. In connection with the issuance of the Usurping Notes in 2021, TPC issued a supplemental indenture (the "Supplemental Indenture") and a new Intercreditor Agreement (the "2021 Intercreditor Agreement"). The purported effect of the Supplemental Indenture and the 2021 Intercreditor Agreement is to subordinate the Senior Notes to the $204.5 million in Usurping Notes with respect to common collateral.

5.     TPC executed the Supplemental Indenture and the 2021 Intercreditor Agreement without the consent of each adversely affected Senior Noteholder. Appellants are among the non-consenting Senior Noteholders. In the adversary proceeding, Appellants Motion for Summary Judgment requested declaratory relief declaring that the Supplemental Indenture and 2021 Intercreditor Agreement were void to the extent that they purported to grant the Usurping Notes priority over the Senior Notes without unanimous consent of the adversely affected Senior Noteholders. In short, Appellants argued that the amendments and supplements to the Original Indenture and 2019 Intercreditor Agreement, which plainly purported to create a new scheme for distribution of Collateral proceeds in which Senior Noteholders were subordinated to Usurping Noteholders, required unanimous consent pursuant to Section 9.02(d)(10) of the Original Indenture. The Appellants' requested declaratory relief would have given the non-consenting Senior Noteholders priority over the Usurping Noteholders.

6.     The Bankruptcy Court denied Appellants' Motion for Summary Judgment and granted the Intervenor's Cross-Motion for Summary Judgment, thereby determining that the Usurping Notes have valid priority over the Senior Notes.

7.     The adversary proceeding is operating in parallel with proceedings in the main bankruptcy, in which TPC seeks approval of its proposed Debtor-in-Possession financing (the "Proposed DIP"). The hearing on TPC's motion for approval of its Proposed DIP is currently set

3

for July 15, 2022. The Proposed DIP would be funded by the Usurping Noteholders and would include a "roll-up" of the entire outstanding balance of the Usurping Notes, inclusive of interest and make-whole, totaling $238 million. The Proposed DIP would therefore lock-in the Usurping Notes' purported priority. It is common ground that the Proposed DIP could not be approved if the Senior Notes are in fact senior to the Usurping Notes.

8.    Appellants appealed from the Order and Judgment and filed a motion to stay in the Bankruptcy Court. The Bankruptcy Court denied Appellants' motion to stay. Appellants have now moved this Court for a stay pending appeal. In addition, Appellants move herein to expedite the appeal.

## REQUESTED RELIEF

9.    Appellants seek entry of an order expediting this appeal.

## LEGAL ARGUMENT

10.    Bankruptcy Rule 8013(a)(2)(B) provides that a "motion to expedite an appeal must explain what justifies considering an appeal ahead of other matters." This Court "may rule on a motion for a procedural order"—including a motion to expedite various proceedings—"at any time without awaiting a response." *In re John Varvatos Enters., Inc.*, 2020 WL 3971723, at *2 (D. Del. July 14, 2020) (quoting Fed. R. Bankr. P. 8013(b)).

11.    The facts and circumstances justify hearing this appeal ahead of other matters.

### A.    An Expedited Appeal Is Necessary to Prevent Irreparable Harm

12.    Expediting the appeal is the only way to avoid the irreparable harm that Appellants will otherwise endure from approval of a priming DIP loan that torpedoes Appellants' access to Collateral proceeds without adequate protection or a valid waiver. An order expediting the appeal would also eliminate any alleged harm to the bankruptcy estate from a stay pending appeal by

shortening the duration of that stay. It would therefore ensure that all parties' rights are preserved while the critical lien-priority dispute is correctly and conclusively resolved.

13.     As set out above, TPC's motion for approval of its Proposed DIP is set for hearing in the Bankruptcy Court on July 15, 2022. Through its roll-up, the Proposed DIP would lock in the Usurping Notes' purported priority and permanently strip Appellants of their interest in their secured collateral without adequate protection or waiver.

14.     If the Proposed DIP is approved and the Bankruptcy Court's Order settling the parties' priority dispute is later reversed, Appellants will suffer irreparable harm, as is explained in full in Appellants' Stay Motion, to which Appellants respectfully refer the Court.  First, Appellants will lose access to the proceeds of Collateral without adequate protection for the Senior Notes and without a valid waiver—all in violation of the Fifth Amendment. Second, the value of Appellants' security interests will be irredeemably diluted. Third, Appellants may be prevented by Section 364(e) of the Bankruptcy Code from undoing the administrative priority of any DIP loan, even after a successful appeal, unless they obtain a stay.[3]

15.     Facing this prospect of irreparable harm, Appellants moved the Bankruptcy Court to stay the adversary proceeding Order and suspend the DIP proceedings pending Appellants' appeal.  The Bankruptcy Court denied the motion. In its opinion on the stay motion, the Bankruptcy Court admitted that the merits of Appellants' appeal are at least more than negligible, and it agreed that that Appellants "have a substantial case for irreparable injury," for the reasons reiterated in

---

[3] Section 364(e) of the Bankruptcy Code, 11 U.S.C. § 364(e), provides that "[t]he reversal or modification on appeal of [a DIP loan], or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority or lien so granted … unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal."

Appellants' Stay Motion in this Court. But the Bankruptcy Court refused to stay proceedings because, in its view, the potential harms to the bankruptcy estate from delaying the proceedings pending the appeal outweighed the harm to Appellants.

16.     If the Bankruptcy Court moves forward with the Proposed DIP proceedings while this appeal is pending, Appellants may be left with no meaningful remedy for their constitutionally protected property rights after succeeding on appeal. On the other hand, for the estate, there is no real doubt that TPC has enough of a liquidity buffer to withstand an expedited appeal on a straightforward issue of contractual interpretation. As demonstrated by the Declaration of Alexander Tracy, appended to Appellants' Stay Motion, TPC is well-positioned to remain substantially above its historical minimum liquidity threshold for the foreseeable future. While the estate worries about a protracted appeal process lasting a year or more, this Court can rectify any such concerns by expediting the appeal. The adversary proceeding in the Bankruptcy Court took just over one month from first briefing to judgment. With the parties' respective arguments already largely settled and the boundaries of the legal issue clearly staked out, there is no reason for an expedited appeal to take any longer.

## B.     If This Court Denies Appellants' Stay Motion, an Expedited Appeal is Necessary to Avoid Irreparable Harm

17.     Even if this Court chooses not to grant a stay, an order expediting the appeal remains necessary to avoid or lessen Appellants' harm—indeed, without a stay, an order expediting the appeal takes on added importance for Appellants.

18.     **First**, expediting the appeal presents the only possible avenue for lien priority to be correctly resolved before the Proposed DIP is approved. Although the hearing on the Proposed DIP is scheduled for July 15, 2022, Appellants vigorously object to the Proposed DIP, and there is no way to know how it will be resolved or how long the process will take. For example, the

Bankruptcy Court could very well find that the Proposed DIP, on its specific terms, is not approvable, thereby requiring TPC to return with a modified proposal and extending the timeline. Regardless of how the process unfolds, an expedited appeal maintains the possibility that the adversary proceeding Order could be reversed before the Proposed DIP is approved.

19.     **Second**, even if the Proposed DIP is approved based on the relative priorities established by the Bankruptcy Court's erroneous Order, Appellants will stand a far better chance of undoing the harm if the appeal is resolved quickly. Put simply, the quicker Appellants can act to assert their rights in the event of a successful appeal, the more likely they are to succeed. Relatedly, if the Proposed DIP is approved, TPC's next step will be to obtain approval of a plan of reorganization based on TPC's proposed Restructuring Support Agreement, which is, like the Proposed DIP, premised on the assumption that the Usurping Notes are senior to the Senior Notes. Even if the Appellants are unable to obtain the correct result on their priority dispute before the Proposed DIP is approved, an expedited appeal may permit the Appellants' priority to be properly determined before a plan of reorganization inflicts further harm.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court enter an order expediting briefing in this appeal and respectfully request a decision be entered by this Court as promptly as possible to avoid any further harm:

- Appellants' opening brief due by July 19, 2022;

- Appellees' answering brief(s) due by July 29, 2022;

- Appellants' reply brief due by August 3, 2022; and

- Oral argument[4] as soon after August 5, 2022 as the Court's calendar permits.

---

[4] Bankruptcy Rule 8019(b) provides:

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to District of Delaware Local Rule 7.1.1, counsel certify that they conferred with opposing counsel on the relief sought by this Motion. Opposing counsel does not consent to the requested relief.

---

Oral argument must be allowed in every case unless the district judge—or all the BAP judges assigned to hear the appeal—examine the briefs and record and determine that oral argument is unnecessary because

    (1) the appeal is frivolous;

    (2) the dispositive issue or issues have been authoritatively decided; or

    (3) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

Dated:   July 13, 2022

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

By:   /s/ *Timothy P. Cairns*

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Tel: 302-652-4100
Facsimile: 302-652-4400
ljones@pszjlaw.com
tcairns@pszjlaw.com

- and -

Jennifer Selendy (*pro hac vice* pending)
Andrew R. Dunlap (*pro hac vice* pending)
Oscar Shine (*pro hac vice* pending)
Max H. Siegel (*pro hac vice* pending)
SELENDY GAY ELSBERG PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
jselendy@selendygay.com
adunlap@selendygay.com
oshine@selendygay.com
msiegel@selendygay.com

*Attorneys for the Appellants*