#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MYLES CHRISTOPHER DENNY-BROWN,<br>    Plaintiff, | |
| v. | C.A. No.: |
| NEXTGRID INC.,<br>    Defendant. | **Demand for Jury Trial** |

### COMPLAINT

Plaintiff Myles Christopher Denny-Brown, by and through his undersigned counsel, as and for his complaint against defendant NextGrid Inc., states as follows:

### NATURE OF ACTION

1. This is a diversity action arising from defendant's willful failure to issue stock options owed to plaintiff, a former employee of defendant. The options were a condition of plaintiff's employment and were confirmed in a written agreement with defendant substantially contemporaneously with the commencement of plaintiff's employment by defendant. Although plaintiff satisfied all of the conditions to issuance and substantially complete vesting of those options, defendant never sought approval of the option grant by its board of directors, never provided plaintiff with an option grant instrument, and terminated plaintiff's employment in bad faith immediately prior to the time when defendant believed those options would have fully vested. Defendant is presently engaged in negotiations for the sale of its business that would value the options promised to plaintiff at approximately $2,500,000.

### THE PARTIES

2. Plaintiff Myles Christopher Denny-Brown is a natural person and a resident and domiciliary of El Cerrito, California.

3. Defendant NextGrid Inc. is a corporation organized and existing under the laws of the State of Delaware. Defendant maintains its office in Boston, Massachusetts. Service may be made upon defendant's appointed registered agent for service of process, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. This Court has original diversity subject matter jurisdiction with respect to this controversy under 28 U.S.C. § 1332(a)(2), insofar as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over defendant in the State of Delaware because Delaware is defendant's place of incorporation and domicile, and defendant has willingly submitted to suit in, and purposely availed itself of the laws of Delaware.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), insofar as defendant is incorporated in Delaware, this Court has personal jurisdiction over defendant in this district, and defendant and/or its agents, including its registered agent, may be found in this district.

## FACTUAL BACKGROUND

7. Plaintiff is a passionate promoter of the low-carbon economy and has spent his career working to transition the world to a sustainable, clean-energy future. His background includes service as an international clean-energy consultant and as an officer of the Clean Energy Leadership Institute. Plaintiff is a graduate of Yale University.

8. Defendant was organized for the purpose, and has engaged in the business, of developing, financing and owning commercial-scale solar-energy projects. Defendant's primary target markets to date have been the District of Columbia, Massachusetts, Maine and New Jersey.

9. In 2019, defendant approached plaintiff to become a member of its leadership team and to head defendant's activities in the District of Columbia.

10. Plaintiff commenced employment by defendant on or about March 25, 2019.

11. Defendant, acting by its two officers and directors, Douglas Williams ("Williams") and Aaron Culig ("Culig"), memorialized defendant's offer of employment to plaintiff in an offer letter dated March 27, 2019 (the "Offer Letter"), which plaintiff accepted that day. A true copy of the Offer Letter is annexed hereto as Exhibit "A."

12. In pertinent part, the Offer Letter contemplates that defendant will grant to plaintiff options to purchase shares of defendant's common stock representing 4% its fully diluted capitalization at an exercise price equal to the fair market value of the stock, which was then approximately $0.65 per share.

13. Under the Offer Letter, there were to be two tranches of options granted to plaintiff: (a) options to purchase 3% of defendant's fully diluted shares, which would vest entirely "contingent upon $750,000 of solar for all grant closing" (sic); and (b) additional options to purchase 1% of defendant's fully diluted shares, which would vest 20% on the first anniversary of the commencement of plaintiff's employment (i.e., March 25, 2020) and then pro rata over the following 36 months (i.e., 2.22% per month) until fully vested.

14. In the Offer Letter signed by Williams and Culig, defendant agreed to "recommend" this option grant to its board of directors – *i.e.,* to none other than Williams and Culig themselves, the signatories of the Offer Letter and defendant's directors.

15. However, defendant never made the required "recommendation," and its board of directors never took any action on the option grant.

16. Although the Offer Letter refers to an individual stock option agreement to be provided to plaintiff, defendant never proffered such an agreement to plaintiff.

17. Defendant terminated plaintiff's employment without cause on or about February 28, 2020.

18.  At the time of plaintiff's termination, defendant – largely as a result of plaintiff's efforts – had satisfied the "$750,000 of solar for all grant closing" (sic) condition for the full vesting of plaintiff's 3% option tranche, or, in the alternative, defendant had become irrevocably entitled to payment of such grant amounts totaling to more $750,000 at that time.

19.  During the term of his employment, plaintiff also purchased 75,771 shares of defendant's Series Seed Preferred Stock and 154,504 shares of defendant's Series Seed II Preferred Stock, which preferred stock plaintiff continues to own beneficially and of record. It is not believed that plaintiff's ownership of these shares is subject to any controversy.

20. Defendant, aware of the imminent vesting of some or all of plaintiff's options, terminated plaintiff's employment in order to seek to deprive him of the vesting of such options.

21. Upon information and belief, in or about July 2022, Williams and Culig commenced negotiations for the sale of defendant to a clean-power developer for a purchase price of $85,000,000.

22. Upon information and belief, the sale to the clean-power developer is imminent.

### COUNT ONE — BREACH OF CONTRACT

23. Plaintiff repeats, reiterates and realleges the allegations of ¶¶1-21 hereof as though fully set forth at length herein.

24. The Offer Letter is a valid and enforceable contract, and plaintiff has performed all of his obligations under the Offer Letter.

25. Defendant has breached its contract with plaintiff to provide options pursuant to the Offer Letter.

26. Defendant's termination of plaintiff was undertaken in bad faith, in violation of the covenant of good faith and fair dealing implied in the Offer Letter.

27. Upon information and belief, at the price offered by the buyer of defendant, plaintiff's option shares would be worth $2,720,000.

28. Defendant has been damaged as a result of defendant's breach and has suffered damages in the amount of $2,500,000, or in such other amount as the proof at trial will show.

### COUNT TWO — DECLARATORY JUDGMENT

29. Plaintiff repeats, reiterates and realleges the allegations of ¶¶1-24 hereof as though fully set forth at length herein.

30. A present dispute exists between the parties regarding plaintiff's entitlement to stock options.

31. In the alternative, in the event that defendant is not immediately sold, plaintiff seeks a declaration, pursuant to 28 U.S.C. § 2201, that he is entitled to be granted fully vested and exercisable stock options to purchase not less than 3.2% of the fully diluted outstanding shares of common stock of defendant, consistent and in accordance with the Offer Letter, at a price of $0.65 per share.

32. Plaintiff's vested interested is 3% under the "$750,000 of solar for all" clause of the Offer Letter plus one year of vesting (20%) of the remaining 1% of time-based options, for a total of 3.2%.

## COUNT THREE — INJUNCTIVE RELIEF

33. Plaintiff repeats, reiterates and realleges the allegations of ¶¶1-24 hereof as though fully set forth at length herein.

34. Plaintiff is entitled to injunctive relief requiring defendant to grant him fully vested and exercisable stock options to purchase not less than 3.2% of the outstanding shares of common stock of defendant, consistent and in accordance with the Offer Letter, at a price of $0.65 per share.

35. Plaintiff has no adequate remedy at law.

36. Given the forgoing allegations, plaintiff will be able to prove actual success on the merits.

37. Plaintiff will suffer irreparable harm if not afforded injunctive relief, and any harm that plaintiff will suffer in the absence of injunctive relief outweighs any harm that defendant will suffer if an injunction is granted.

WHEREFORE, plaintiff respectfully requests that the Court:

(a)   enter a money judgment in favor of plaintiff and against defendant in the sum of $2,500,000, or such additional or different sum as the proof at trial may show;

(b)   in the alternative, issue a declaratory judgment to the effect that plaintiff is entitled to fully vested and exercisable stock options to purchase no less than 3.2% of the fully diluted outstanding shares of common stock of defendant, consistent and in accordance with the Offer Letter, at a price of $0.65 per share;

(c) in the alternative, grant a permanent injunction requiring defendant to issue such options to plaintiff;

(c)   award plaintiff his costs and disbursements; and

-7-

     (c)    order such other and further relief as the Court deems just, equitable and proper under the circumstances.

Dated: October 10, 2022

OF COUNSEL:

Hilary B. Miller (*pro hac vice* pending)
LAW OFFICES OF HILARY B. MILLER
500 West Putnam Avenue, Suite 400
Greenwich, Connecticut 06830-6096
(203) 587-7000
hilary@miller.net

*/s/ Joanna J. Cline*
Joanna J. Cline (DE # 5873)
Emily L. Wheatley (DE #6383)
TROUTMAN PEPPER HAMILTON SANDERS LLP
Hercules Plaza, Suite 5100
1313 Market Street, PO Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
*joanna.cline@troutman.com*
*emily.wheatley@troutman.com*

*Attorneys for Plaintiff*