# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **WILLIAM FASANO,** | : | **Civil Action No.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Jury Trial Demanded** |
| | : | |
| **STATE OF DELAWARE, NATURAL RESOURCES & ENVIRONMENTAL CONTROL, DIVISION OF PARKS & RECREATION,** | : : : : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, William Fasano (hereinafter "Plaintiff") brings this civil matter against the State of Delaware, Natural Resources & Environmental Control, Division of Parks & Recreation (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Delaware Discrimination in Employment Act ("DDEA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, State of Delaware, Natural Resources & Environmental Control, Division on Parks & Recreation is the State of Delaware's Department of Parks & Recreation with a location at 800 Carr Road, Wilmington, DE 19809 and headquarters located at 89 King's Highway SW, Dover, DE 19901.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of Delaware pursuant to 28 U.S.C. §§ 1391(b)(1) and

1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADA and the DDEA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Charge was assigned Charge Number of 530-2021-02056 and was dual filed with the Delaware Division of Human Relations ("DDHR").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 11, 2022. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around June 20, 2011, Defendant hired Plaintiff in the position of Planner II.

21. Plaintiff was well qualified for his position and performed well.

22. In or around August 2016, Defendant promoted Plaintiff to Park Superintendent.

23. Plaintiff was well qualified for his position and performed well.

24. Plaintiff has Post-Traumatic Stress Disorder ("PTSD"), Panic Disorder, Major Depressive Disorder, Irritable Bowel Syndrome ("IBS"), and Progressive and Profound Binaural Sensioneural Hearing Loss with Tinnitus ("Hearing Loss").

25. Since 2009, as a result of Plaintiff's PTSD, Panic Disorder and Major Depressive Disorder, Plaintiff has experienced ongoing flashbacks, nightmares, and severe panic attacks, as well as dissociative episodes which have substantially limited his ability to concentrate, memory, sleep, and ability to interact with others.

26. Having suffered from Hearing Loss since 2019, Plaintiff's hearing has been substantially limited (measured at approximately 56% in his left ear) and he requires hearing aids in both ears.

27. Plaintiff's IBS has substantially limited his digestive function since approximately 2015.

28. In or around 2019, Plaintiff made Defendant aware that he suffered from Hearing Loss and IBS.

29. In connection therewith, as a reasonable accommodation for his Hearing Loss, Plaintiff requested that Defendant provide him with written meeting notes.

30. Plaintiff also requested, as a reasonable accommodation for his IBS, a second toilet in his park residence.

31. Plaintiff directed the aforementioned reasonable accommodation requests to his supervisor Sue Staats, Regional Administrator, James Wagner, Regional Park Administrator, and Andy Roy, Park Superintendent.

32. However, they flatly denied Plaintiff's reasonable accommodation requests and failed to engage in the interactive process.

33. In or around March of 2020, the COVID-19 pandemic and subsequent lockdowns exacerbated symptoms of Plaintiff's disabilities.

34. As a result, Plaintiff communicated the information to Ms. Staats on multiple occasions, but Defendant failed to offer him any opportunity to determine what accommodations might help to improve his ability to function in the workplace.

35. Notwithstanding Defendant's inaction, Plaintiff continued to perform his duties effectively and efficiently, and received satisfactory Performance Review at all times.

36. In fact, in Plaintiff's role as Superintendent of two (2) State Parks, both of which have complex maintenance and operation issues, high visitation, significant retail sales volume, three concessionaire contracts, and an ongoing shortage of human resources and critical equipment, Plaintiff was among the best Park Superintendents in the Division.

37. Furthermore, Plaintiff had not been issued any discipline or unsatisfactory performance in nearly ten (10) years of service with the State of Delaware, including more than seven (7) years of service with the Division of Parks and Recreation.

38. On January 16, 2021, Plaintiff suffered from a long dissociative episode as a result of the exacerbated symptoms of his PTSD.

39. During said episode, Plaintiff inadvertently drove Defendant's vehicle instead of his own personal vehicle and exceeded the speed limit.

40. Plaintiff initially did not recall using Defendant's vehicle and was unable to take responsibility for doing so at first; however, he ultimately was able to recognize what had happened.

41. Shortly after suffering from the episode, on or around February 19, 2020, although Plaintiff had been an exemplary, long-term employee without any disciplinary record, Defendant issued Plaintiff a negative performance evaluation.

42. On or around March 11, 2021, Plaintiff met with Ms. Staats and notified her that he was interested in taking a leave of absence to appropriately address and seek medical treatment for his disabilities.

43. The following day, on or around March 12, 2021, Plaintiff received a letter recommending the termination of his employment and placed him on unpaid leave.

44. The abrupt suspension and termination of Plaintiff's employment immediately following his request for a reasonable accommodation is highly suggestive of a retaliatory animus and evidences that Defendant's bad faith in denying him the ability to take paid medical leave to which he was legally entitled.

45. On or around March 19, 2021, Plaintiff was examined by Anne Archibald, Nurse Practitioner, who completed paperwork formally requesting the reasonable accommodations of receiving communication in writing, a quiet/calm space in order to recover from panic attacks and access to private bathroom facilities.

46. These reasonable accommodation requests were provided to Defendant.

47. On or around March 25, 2021, Plaintiff submitted his response to the Disciplinary Notification.

48. Within Plaintiff's response, Plaintiff complained that Defendant was well aware of his disabilities but refused to provide him with his requested reasonable accommodations and retaliated against him based on his requests.

49. On or around April 1, 2021, Defendant made the final decision to uphold the termination decision.

50. It is Plaintiff's position that he was discriminated against due to his disabilities, denied reasonable accommodations and retaliated against for requesting reasonable accommodations in violation of the ADA and the DDEA.

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

53. Plaintiff was qualified to perform the job.

54. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

55. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

56. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

57. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

58. The purported reason for Defendant's decision is pretextual.

59. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

60. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

61. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff is a "qualified individual with a disability" as that term is define under the DDEA because Plaintiff has, or had at all time relevant hereto, disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

64. Plaintiff was qualified to perform the job.

65. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

66. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

67. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

68. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

69. The purported reason for Defendant's decision is pretextual.

70. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

71. The above actions by Defendant also constitute a failure to accommodate and a failure to

engage in the required interactive process.

72. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

73. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

74. Plaintiff engaged in activity protected by the ADA when he requested reasonable accommodations.

75. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

76. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## DELAWARE DISCRIMINATION IN EMPLOYMENT ACT

77. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

78. Plaintiff engaged in activity protected by the DDEA when he requested reasonable accommodations.

79. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

80. There exists a causal connection between Plaintiff's participation of the protected activity

and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, William Fasano, requests that the Court grant him the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the DDEA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                       RESPECTFULLY SUBMITTED,

                                       **KATE BUTLER LAW**

                                       Kate Butler, ID No. 6017
                                       Kate Butler Law LLC
                                       1509 Gilpin Avenue, Suite No. 3
                                       Wilmington DE 19806
                                       302-966-9994 tel / 302-844-9150 fax
                                       kate@katebutlerlaw.com

                                       -and-

                                       **KOLLER LAW, LLC**

Date: October 10, 2022        By:      David M. Koller
                                         David M. Koller, Esquire
                                         Jordan D. Santo, Esquire
                                         2043 Locust Street, Suite 1B
                                         Philadelphia, PA 19103
                                         215-545-8917
                                         davidk@kollerlawfirm.com
                                         jordans@kollerlawfirm.com

                                       *Counsel for Plaintiff*