# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE
# COURT FILE NO:  CV-

| | |
|---|---|
| BARBARA SCHILLER, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | C.A. No.: |
| ) | |
| JEFFERSON CAPITAL SYSTEMS, LLC, ) | |
| a Georgia limited liability company, ) | |
| ) | |
| and ) | |
| ) | |
| ) | |
| STILLMAN, P.C., ) | JURY TRIAL DEMANDED |
| a Michigan professional corporation ) | |
| d/b/a Stillman Law Office ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

### I.  JURISDICTION AND VENUE

1. Jurisdiction arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. Jefferson Capital Systems, LLC is a Georgia limited liability company subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

3. Stillman, P.C. is a Michigan corporation doing business as Stillman Law Office, subject to personal jurisdiction in the State pursuant to 10 Del. C. § 3104(c)(1) – (4).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) or (b)(2), because a substantial portion of the acts giving rise to this litigation occurred within this District and because Plaintiff resides here and Defendants transact business here.

## II.     PARTIES

5. Plaintiff, Barbara Schiller ("Plaintiff"), is a natural person residing in New Castle County, Delaware and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person affected by a violation of the FDCPA with standing to bring a claim under 15 U.S.C. § 1692k.

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Jefferson Capital Systems, LLC ("Jefferson") is upon information and belief, a Georgia limited liability company with its principal place of business located at 16 McLeland Road, St. Cloud, Minnesota 56303, and whose Registered Agent for service of process is listed with the Delaware Secretary of State as Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

8. Stillman, P.C. ("Stillman") is upon information and belief, a Michigan professional corporation doing business as Stillman Law Office which conducts business in Delaware and can be served at 5 West Market Street, Georgetown, Delaware 19947.

9. At all times relevant herein, Jefferson operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

10. At all times relevant herein, Stillman operated as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and acted by and through its

owners, managers, officers, shareholders, authorized representatives, partners, employees, agents, attorneys and/or workmen and by, through and on behalf of each other.

11. Jefferson, at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Stillman, at all times relevant hereto, used an instrumentality of interstate commerce or the mail in its business, the principal purpose of which was the collection of debts, and regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Jefferson authorized Stillman to act as its agent related to collection against Plaintiff, and Stillman, in fact, acted as an agent of Jefferson.

14. At all times material and relevant hereto, Defendants are individually liable to Plaintiff, and/or liable through the principles of *respondeat superior*, agency and apparent agency.

### III.     FACTUAL ALLEGATIONS

15. On or about July 14, 2022, Jefferson filed a lawsuit ("state court lawsuit") against Plaintiff in Delaware Justice of the Peace Court alleging that Plaintiff owed a debt of $3,618.96 under an account number ending in 8840.

16. The alleged debt arises from a Synchrony Bank/PayPal credit card that was fraudulently opened in Plaintiff's name (misspelled on the PayPal account and on the state court lawsuit as Shiller).

17. On or about May 17, 2019, through May 24, 2019, Plaintiff received three (3) packages via U.S. Mail.  Plaintiff took the packages to Hares Corner USPS and returned the packages marking them as "Return to sender- mail fraud".

18. Plaintiff received a letter via U.S. Mail from PayPal dated May 17, 2019, stating that a new credit account with a limit of $3,000 had been opened in the name of Barbara Shiller using an email address which did not belong – and never had belonged – to Plaintiff.  Plaintiff immediately notified PalPal and/or Synchrony of the fraudulent account by calling the number on the letter (844-373-4961) and requested to speak with someone in the fraud department.  She was directed to call a different number (866-528-3733), which she did and spoke to Shawn and reported that this was a fraudulent account and she requested that the account be closed.

19. For more than three (3) years, Plaintiff did not receive any further communications from PayPal credit card until Defendants began their improper collection attempt by filing the state court lawsuit against Plaintiff.

20. Plaintiff then filed a police report and submitted proof of the identity theft to Defendants via an identity theft affidavit.

21. Notwithstanding the proof of identity theft provided by Plaintiff, Defendants have continued to prosecute their state court lawsuit against her and failed to dismiss the state court lawsuit.

22. Jefferson reported this alleged debt by Plaintiff to the three major credit reporting agencies ("CRAs") – Equifax, Experian and TransUnion.

23. Jefferson's reported this alleged debt to the CRAs in an attempt to aid its collection of the improper amount.

24. Jefferson reported to at least one major CRA that the date of first delinquency of this alleged account was July 1, 2019.

25. The alleged debt was barred by the statute of limitations at the time that the state court lawsuit was filed by Defendants.

26. Defendants failed to communicate to Plaintiff that action on her part may revive or reset the statute of limitations on the alleged debt.

27. Defendants misrepresented the character, amount and/or legal status of the debt as one that was owed by her and was collectible against her and communicated this misinformation to multiple parties, including but not limited to Plaintiff, CRAs and the state court.

28. Defendants' representations to Plaintiff are material, deceptive, false and misleading.

29. Defendants knew or should have known that their actions violated the FDCPA.

30. Defendants failed and neglected to take the appropriate actions to comply with the FDCPA and failed to adequately review their actions to ensure compliance with the FDCPA.

31. Defendants did not maintain reasonable procedures to prevent violation of the FDCPA.

32. At all times relevant hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, negligent and in wanton disregard for the rights of the Plaintiff and for its obligations under the FDCPA.

33. The acts and omissions of the employees, agents and/or assigns of the Defendants were committed within the time and space limits of their agency relationship with Defendants. Defendants are, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, willful, reckless and negligent acts, errors, and omissions of their employees, agents or assigns.

### IV.    CAUSE OF ACTION

### COUNT I
### JEFFERSON CAPITAL SYSTEMS, LLC: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

34. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35. Jefferson's actions toward Plaintiff were materially false, deceptive, unfair, unconscionable and misleading as follows:

    a. Jefferson violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations in connection with the debt collection in the state court lawsuit;

    b. Jefferson violated 15 U.S.C. § 1692e(8) by making false, deceptive or misleading representations in connection with the debt collection in its reporting of the alleged debt to the three major CRAs;

    c. Jefferson violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the alleged debt in connection with the debt collection in the state court lawsuit;

    d. Jefferson violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the alleged debt in connection with the debt collection in its reporting of the alleged debt to the three major CRAs;

    e. Jefferson violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt because no such debt was owed, nor was it judicially enforceable;

    f. Jefferson violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person; and

    g. Jefferson violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt, and/or by attempting to collect an unauthorized interest, fee, charge and/or expense.

36. The foregoing acts and omissions of Jefferson constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*

37. As a direct and proximate result of Jefferson's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

38. As a direct and proximate result of Jefferson's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

39. Plaintiff has been seriously damaged by Jefferson's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

**COUNT II**
**STILLMAN, P.C.: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**16 U.S.C. § 1692,** *et seq.*

40. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

41. Stillman's actions toward Plaintiff were materially false, deceptive, unfair, unconscionable and misleading as follows:

    a. Stillman violated 15 U.S.C. § 1692e by making false, deceptive or misleading representations in connection with the debt collection in the state court lawsuit;

    b. Stillman violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount and legal status of the alleged debt in connection with the debt collection in the state court lawsuit;

    c. Stillman violated 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt because no such debt was owed, nor was it judicially enforceable;

    d. Stillman violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress or abuse any person; and

    e. Stillman violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to collect a debt, and/or by attempting to collect an unauthorized interest, fee, charge and/or expense.

42. The foregoing acts and omissions of Stillman constitute numerous and multiple violations of the FDCPA including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, *et seq.*

43. As a direct and proximate result of Stillman's illegal collection efforts and communications, Plaintiff has suffered mental anguish, emotional distress, anxiety, frustration, fear, embarrassment and harm to her reputation.

44. As a direct and proximate result of Stillman's illegal collection efforts, Plaintiff has suffered damages in the form of attorney's fees, costs and/or expenses.

45. Plaintiff has been seriously damaged by Stillman's violations of the FDCPA and is entitled to actual damages, statutory damages, costs and attorney's fees in accordance with 15 U.S.C. § 1692k.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Barbara Schiller, respectfully demands judgment and damages from Defendants jointly and severely as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Jefferson and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Jefferson and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Jefferson and for Plaintiff;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Stillman and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Stillman and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Stillman and for Plaintiff.

## VI.     DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable. *US Const. amend. 7; Fed.R.Civ.P. 38.*

Respectfully submitted,

*/s/Mary Higgins*
By: Mary Higgins, Esquire
Attorney I.D. #4179
University Office Plaza
Commonwealth Building
260 Chapman Road, Suite 201
Newark, DE  19702
(ph) 302-894-4357
(fx)  302-318-1301
**mary.higgins@letsbelegal.com**
Attorney for Plaintiff

Dated:   October 10, 2022