IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

POWER INTEGRATIONS, INC.,
a Delaware corporation,

Plaintiff,

v.

WAVERLY LICENSING LLC,
MAVEXAR LLC, ARRAY IP LLC, and
IP EDGE LLC,

Defendants.

C.A. No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Power Integrations, Inc. hereby alleges as follows:

## THE PARTIES

1.      Power Integrations, Inc. ("Power Integrations" or "PI") is incorporated under the laws of the state of Delaware, and has a regular and established place of business at 5245 Hellyer Avenue, San Jose, California 95138.

2.      Upon information and belief, defendant Waverly Licensing LLC ("Waverly") is a limited liability company that claims to be organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034; defendant Array IP LLC ("Array IP") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034; defendant Mavexar LLC ("Mavexar") is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 2150 S Central Expressway, Suite 200, McKinney, TX 75070; and defendant IP Edge LLC ("IP Edge") is a limited liability company organized and existing under the laws of the State of Texas

with its principal place of business at 5300 N Braeswood Blvd, Suite 4, Houston, TX 77096

(collectively, "Defendants").

## JURISDICTION AND VENUE

3.      This action arises under the United States patent laws, 35 U.S.C. §§ 101, *et seq.*,

and includes a request for declaratory relief under 28 U.S.C. §§ 2201 and 2202.  This Court has

subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201, and 35 U.S.C. § 1, *et seq.*

4.      Upon information and belief, this Court has personal jurisdiction over Defendants

because Defendants have purposely availed themselves of the privilege of conducting activities

within this State and judicial District.  For example, Defendants have availed themselves of the

use of this District's courts in asserting their patent rights in numerous lawsuits filed in this

District, including numerous lawsuits seeking to enforce the same patent-in-suit in this case.  *See*

D. Del. C.A. Nos. 22-cv-420-CFC (v. AT&T); 22-cv-421-CFC (v. Fantasia Trading); 22-cv-422-

CFC (v. Granite River); 22-cv-423-CFC (v. Leviton Mfg.); 22-cv-424 (v. Otter Products); 22-cv-

889-CFC (v. Monolithic Power Systems).

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Plaintiff is a

resident of the state of Delaware through its incorporation under the laws of this state.

## GENERAL ALLEGATIONS

6.      Plaintiff Power Integrations is a semiconductor company based in San Jose,

California.  For the last 30 years, Power Integrations has been the leading developer and supplier

of the chips that make modern power supplies—used to charge phones and other products—

smaller, lighter, and more energy efficient.

7.      Power Integrations' products include its InnoSwitch™ families of power

conversion integrated circuit devices, which are used by others in manufacturing power supplies

for ultimate use by still others with electronic devices such as cellular telephones, LCD monitors,

and computers.  The InnoSwitch™ Family of ICs combines primary, secondary and feedback circuits in a single surface-mounted off-line flyback switcher IC.  The InnoSwitch IC incorporates a high-voltage primary-side switch, a primary-side controller, a secondary-side controller for synchronous rectification, and an innovative new FluxLink™ technology that eliminates the need for an optocoupler.

8.     Defendants have engaged in a broad and aggressive campaign to harass and threaten many companies, including Power Integrations, with assertions of patent infringement liability, including assertions based on use of Power Integrations' InnoSwitch ICs.  As such, an actual controversy between the parties exists within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

9.     Defendants' actions have not been limited to mere threats, but also include actual initiation of patent infringement litigation against Power Integrations.  On October 31, 2022, Defendant Waverly Licensing LLC filed a lawsuit for patent infringement against Power Integrations in the U.S. District Court for the Western District of Texas ("the Waverly-PI Complaint").  A true and correct copy of the Waverly-PI Complaint is attached as Exhibit B.

10.     The Waverly-PI Complaint alleges that Waverly is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 3333 Preston Road, Suite 300, Frisco, Texas 75034.  The Waverly-PI Complaint further alleges that Waverly is the owner and assignee of U.S. Patent No. 10,938,246 ("the '246 patent"), entitled "Method and Apparatus for Charging a Battery-Operated Device," and identifies one of Power Integrations' InnoSwitch ICs as a basis for the infringement allegations.  (Ex. B at ¶¶ 8-9, 19.)  A true and correct copy of the '246 patent is attached as Exhibit A.

### THE HISTORY OF WAVERLY'S ASSERTION OF THE PATENT-IN-SUIT VIA IP EDGE-RELATED ACTIVITY

11.     On information and belief, the '246 patent was assigned from the original named inventors at Golba, LLC to Array IP LLC on July 15, 2021 (along with other patents in the same patent family).  (*See* Ex. C – assignment to Array/IP Edge.)

12.     In an assignment filed with the U.S. Patent and Trademark Office for the '246 patent, defendant Array IP LLC identified itself as having the same address that defendant Waverly Licensing LLC lists in the Waverly-PI complaint as its principal place of business (3333 Preston Road, Suite 300, Frisco, Texas 75034).  (*Id.*)  However, that address is actually a Staples store, as indicated in the true and correct photos of that address reproduced below.





13.     Moreover, the specific box number that defendant Waverly occasionally lists in its court filings as its "principal place of business" within that "suite" is an open shelf, as shown in the true and correct photo of that address reproduced below.  *See*, *e.g.*, D. Del. C.A. No. 1:22-cv-420-CFC, D.I. No. 17 (Waverly Amended Complaint against AT&T, listing Waverly's principal place of business as "3333 Preston Road STE 300 **#1095**, Frisco, TX 75034" (emphasis added)).



14.     In the initial assignment from Golba, LLC to Array IP LLC, Array IP LLC's principal also identified her e-mail address as linhd@ip-edge.com.  (Ex. C at 2.)  On information and belief, the same person whose e-mail address was listed in the PTO records as the contact for defendant Array IP LLC, Ms. Linh Deitz, is the office manager at defendant IP Edge LLC.  (Ex. D – LinkedIn profile for Ms. Deitz.)

15.     On information and belief, defendant Array IP LLC subsequently assigned some rights to the '246 patent to defendant Waverly Licensing LLC.  (Ex. E – assignment to Waverly.)

16.     Notably, defendant Array IP LLC also assigned some rights to another patent in the same family as the '246 patent to a separate entity, Creekview IP LLC ("Creekview"), including at least U.S. Patent No. 9,608,472 ("the '472 patent").  Creekview has been asserting the '472 patent in at least this District, including in six lawsuits filed in this District since November 2021.  *See* D. Del. C.A. Nos. 21-cv-1685-CFC (v. Corsair Gaming); 21-cv-1686-CFC (v. Belkin); 22-cv-425-CFC (v. Best Buy); 22-cv-426-CFC (v. Jabra); 22-cv-427-CFC (v. Skullcandy); 22-cv-428-CFC (v. Zound).

17.     On information and belief, and according to testimony given in open court in Delaware earlier this month during hearings in front of Chief Judge Connolly, defendants Mavexar LLC and IP Edge control litigation on behalf of entities affiliated with IP Edge, with the named plaintiff LLCs and their sole members having no input or control over the litigation and receiving only a token percentage of any settlement revenue.  As such, on information and belief, the true owners of the '246 patent-in-suit and the rights to sue are IP Edge and/or its affiliates, including Mavexar LLC and Array IP LLC – not Waverly Licensing.

18.     IP Edge's scheme for enforcing patents with the assistance of Mavexar LLC through its affiliates incorporated via Texas LLCs formed with unwitting sole members includes

not only defendant Waverly Licensing, but also Creekview, Nimitz Licensing LLC, and many of the other 200+ patent enforcement entities affiliated with IP Edge who are involved in the 4,000+ lawsuits filed by IP Edge-affiliated entities since the founding of IP Edge in 2015.  *See* https://insight.rpxcorp.com/entity/1034412-ip-edge-llc.  Given that the structure of IP Edge and Mavexar's enforcement entities via sole, sham members effectively "judgment proofs" the real parties in interest, and that IP Edge is using these sole member LLCs in an attempt to insulate itself from any liability for the frivolous assertion of patents and to hide the true parties behind the litigation while effectively controlling the litigation through Mavexar, IP Edge is a real party in interest in this litigation and is properly a named defendant in this DJ action, along with its intermediaries Array IP and Mavexar.

### THE COMPLAINT AGAINST POWER INTEGRATIONS

19.     According to the Waverly-PI Complaint, Power Integrations allegedly "makes, sells, advertises, offers for sale, uses, or otherwise provides battery chargers and adapters covered by the Waverly Patents, including the National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3."  (Ex. B at ¶ 19.)  But National Products is the named defendant in ***another*** of Waverly's lawsuits asserting the '246 patent (WDWA C.A. No. 22-cv-1532).  National Products is not a named defendant in the Waverly-PI suit.  It appears that Waverly's complaint against PI inaccurately includes information from a wholly-separate lawsuit instead of anything specific to PI.

20.     Although the Waverly-PI Complaint identifies "battery chargers and adapters", including the specific identification of a product of some other company (National Products), the infringement allegations of the Waverly-PI Complaint also cite to and rely upon materials that describe Power Integrations' InnoSwitch3-PD integrated circuit products; for example, the

Waverly-PI Complaint includes excerpts from Power Integrations' webpages and design examples describing the InnoSwitch3-PD and its capabilities for being used in USB-compliant power supplies.  (*E.g.*, Ex. B at ¶ 19.)

21.    In light of the specific allegations of the Waverly-PI Complaint, a substantial controversy exists between parties with adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Accordingly, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 10,938,246

22.    The facts and allegations of paragraphs 1-21 are incorporated by reference for this First Cause of Action as though fully set forth herein.

23.    The '246 patent is asserted against Power Integrations in the Waverly-PI Complaint, which relies on citations to information from Power Integrations' website about its InnoSwitch3-PD product.

24.    The Waverly-PI Complaint does not expressly assert that the InnoSwitch3-PD itself infringes any claims of the '246 patent.  Rather, according to the Waverly-PI Complaint, Power Integrations allegedly "makes, sells, advertises, offers for sale, uses, or otherwise provides battery chargers and adapters covered by the Waverly Patents, including the National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3, as represented below, including all augmentations to these platforms or descriptions of platforms."  (Ex. B at ¶ 19.)

25.    Power Integrations does not infringe any claim of the '246 patent, at least, because Power Integrations does not make, use, sell, offer to sell, or import any "battery-operated device"

which includes "a battery", or "electronic circuitry configured to be powered by the battery," as recited in the independent claims of the '246 patent.

26. Power Integrations also does not infringe any claim of the '246 patent, at least, because Power Integrations does not make, use, sell, offer to sell, or import any "battery chargers and adapters", including the "National Products RAM Tough-Case Power Delivery Bundle for Samsung Tab Active3" which, on information and belief, is a product of a company completely unrelated to Power Integrations.  Even if the reference to this specific product is an error on the part of the Waverly-PI Complaint, Power Integrations is also not in the business of providing battery chargers or adapters – Power Integrations is a chip company which designs, makes and sells integrated circuits.

27. Even if the Waverly-PI complaint is interpreted to accuse Power Integrations' actual products, such as the InnoSwitch3-PD, Power Integrations also does not infringe any claim of the '246 patent, at least, because the InnoSwich3-PD is not, nor does it include, a "battery-operated device" or provide "a method for charging a battery-operated device" as recited in the independent claims of the '246 patent.  More specifically, the InnoSwitch3-PD does not include "a battery", "electronic circuitry configured to be powered by the battery," or "a converter configured to receive energy from any of a plurality of authorized chargers."  Nor is the InnoSwitch3-PD "a charger", it cannot be configured to "receive a charger identification from a charger", and it does not meet any of the other limitations of the "battery-operated device" recited in the independent claims of the '246 patent.

28. The Waverly-PI Complaint in fact fails to identify any specific battery-operated device, or even a charger or adapter, which allegedly incorporates a Power Integrations InnoSwitch3-PD chip.  Because the InnoSwitch3-PD cannot be used, and is not intended by

Power Integrations to be used, to implement a battery-operated device or provide a method of charging a battery operated device, having the limitations as recited in the independent claims of the '246 patent, Power Integrations also cannot indirectly infringe.

29.     Power Integrations is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Power Integrations does not infringe, directly or indirectly, any claim of the '246 patent either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Power Integrations requests the following relief:

(a)     judgment that Power Integrations has not infringed, and does not infringe, directly or indirectly, any claim of the '246 patent, either literally or under the doctrine of equivalents;

(b)     costs and reasonable attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

(c)     such other and further relief as the Court finds just and proper.

## **JURY DEMAND**

Plaintiff Power Integrations requests trial by jury.

Dated:  November 30, 2022 FISH & RICHARDSON P.C.

By:  _/s/ Warren K. Mabey, Jr._
      Warren K. Mabey, Jr. (#5775)
      222 Delaware Avenue, 17th Floor
      P.O. Box 1114
      Wilmington, DE  19801
      Telephone: (302) 652-5070
      Email:  mabey@fr.com

      Frank E. Scherkenbach
      One Marina Park Drive
      Boston, MA  02210-1878
      Telephone: (617) 542-5070
      Email: scherkenbach@fr.com

      Michael R. Headley
      500 Arguello Street, Suite 400
      Redwood City, CA 94063
      Telephone: (650) 839-5070
      Email: headley@fr.com

**ATTORNEYS FOR PLAINTIFF,**
**POWER INTEGRATIONS, INC.**